UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE FLECK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2138 JCH |
| ) | |
| JAMES PURKETT[1], ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Ronnie Fleck's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed November 15, 2010. (ECF No. 1). The matter is fully briefed and ready for disposition.

On April 13, 2007, Petitioner entered a blind plea of guilty in the Circuit Court of St. Louis County, Missouri, to one count of robbery in the first degree, one count of armed criminal action, and one count of burglary in the first degree. Petitioner was set to be sentenced on June 8, 2007, but on that date, Petitioner fled the courthouse and absconded for approximately six months. Upon his arrest, Petitioner filed a motion to set aside his guilty plea, which was denied. Petitioner was sentenced on March 6, 2008, to eighteen years imprisonment on Count I, three years imprisonment on Count II, and fifteen years imprisonment on Count III, said terms to run concurrently. Petitioner did not file a direct appeal of his convictions and sentences. Petitioner did file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an

---

[1] The Court's records review indicates Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. Inasmuch as James Purkett, Superintendent of ERDCC, is Petitioner's current custodian, he should be substituted for Michael Bowersox as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. *Fleck v. State*, 298 S.W.3d 138 (Mo. App. 2009).

In the instant petition for writ of habeas corpus, Petitioner raises the following claim for relief: That Petitioner received ineffective assistance of counsel and his plea was entered into involuntarily, as trial counsel improperly advised Petitioner that in the event he pled guilty, he would receive no more than a three-year sentence. (§ 2254 Petition, PP. 3-4).

## DISCUSSION

As stated above, in his § 2254 petition Petitioner maintains he received ineffective assistance of counsel, and his plea was entered into involuntarily, as trial counsel improperly advised Petitioner that in the event he pled guilty, he would receive no more than a three-year sentence. (§ 2254 Petition, PP. 3-4). As support for this contention, Petitioner attaches a November 6, 2006, letter, allegedly from attorney N. Scott Rosenblum[2], stating as follows:

> Please be advised that I spoke with the judge and he informed me that in exchange for your guilty plea, you will receive 3 years for the armed Criminal Action, probation for the 1st degree Robbery, and probation for the 1st degree burglary. Given your prior record I believe this would be in your best interest. Providing that you honor your obligation in our financial agreement I will speak with the head prosecutor and he will make the same recommendation. I believe the judge will impose this sentence and you will be incarcerated for the mandatory 3 years.
>
> If you have any questions regarding any aspect of this matter, please do not hesitate to Contact me.

(See ECF No. 7-1).

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that his attorneys' performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel

---

[2] Mr. N. Scott Rosenblum and Ms. Jenna K. Glass represented Petitioner in his criminal matter, through the time of his first scheduled sentencing.

is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, to demonstrate prejudice the Petitioner must show that, but for counsel's error he would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court finds Petitioner's claim is refuted by the record. During Petitioner's plea colloquy in state court, the following exchange took place with Petitioner under oath:

| | |
|---|---|
| Q (by the Court): | Now, your attorney indicated that you wish to enter a plea of guilty, what we call a blind plea of guilty in this case; is that true? |
| A (by Petitioner): | Yes, sir.... |
| Q: | Now, are you making this plea of guilty freely and voluntarily? |
| A: | Yes, sir. |
| Q: | Has anybody made any sort of threat to you or promise to you, in other words to cause you to enter this plea of guilty? |
| A: | No, sir.... |
| Q: | Mr. Fleck, we have talked a little bit earlier, but we need to talk more about what that means to offer the Court a blind plea and have the Court accept a blind plea....At the present time, clearly there is no recommendation that has been made |

|    |                                                                                                                                                                                                                                                                   |
|----|---|
|    | by the State which you have found acceptable and there is no plea agreement; you understand that? |
| A: | Yes, sir. |
| Q: | So instead this is a plea of guilty to the Court? |
| A: | Yes, sir.... |
| Q: | You understand these are very, very serious charges against you in this case? |
| A: | Yes, sir. |
| Q: | It's very possible that you are going to end up with a substantial penitentiary sentence here; you know that? |
| A: | Yes, sir.... |
| Q: | So I think that in offering this plea of guilty to the Court, you should consider yourself to be in an uncertain status as to what the outcome is going to be.  And I said as clearly as I can, do you feel you understand everything that the Court has said in that regard? |
| A: | Yes, sir. |

(Respondent's Exh. A, PP. 3-5, 9-11). Based on Petitioner's representations during his change of plea proceeding, the trial court held as follows: "Let the record show the Court finds the plea of guilty was made voluntarily and with an understanding of the nature of the charges, therefore the Court accepts the plea of guilty." (Id., PP. 11-12).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). Petitioner's representations during his change of plea proceeding thus provide strong evidence that he entered his plea of guilty in a knowing and voluntary manner.

As further support for its ruling, the Court notes that in an effort to develop the record more fully in this matter, it ordered Respondent to provide sworn affidavits from attorneys N. Scott Rosenblum and Jenna K. Glass, Petitioner's original trial counsel, addressing the claim raised in Petitioner's § 2254 petition. (ECF No. 8). Respondent provided the requested affidavit on October 12, 2011, and attorneys Rosenblum and Glass attested in relevant part as follows:

1. Mr. Fleck was never advised by trial counsel that the Judge in his case had advised his attorneys that if Mr. Fleck pled guilty he would receive a three year sentence on the charge of Armed Criminal Action and probation on the other two charges....

5. The [above-referenced letter from Mr. Rosenblum to Petitioner] is an obvious forgery. The spacing of the letter does not comport with the customary spacing in our firm's correspondence. The capitalization is incorrect, specifically with respect to "armed Criminal Action" and "Contact me." There is no secretarial block....

7. No such conversation with the Judge in this case ever occurred and trial counsel would never speak in the manner in which the letter is written. This "letter" is without question fabricated, a fake, a forgery.

(See ECF No. 9-1).

The Court then held an evidentiary hearing in this matter on November 21, 2011. During his testimony, Petitioner reiterated that Mr. Rosenblum told Petitioner in front of his then-girlfriend that upon pleading guilty, he would receive three years imprisonment for the armed criminal action charge, and probation for the robbery and burglary charges. (Evidentiary Hearing Transcript, PP. 6-7).[3] Petitioner further stated Mr. Rosenblum warned him not to mention this "deal" before the trial judge, or the plea would not be accepted. (Id., P. 8). Finally, Petitioner asserted that had he not relied upon Mr. Rosenblum's assurances, he would have insisted on proceeding to trial. (Id., P. 11).

---

[3] According to Petitioner, Ms. Glass repeated the promise of three years imprisonment privately during the change of plea hearing. (Evidentiary Hearing Transcript, PP. 11-12).

- 5 -

During cross-examination, Petitioner admitted to lying under oath during his change of plea proceeding. Specifically, Petitioner asserted that his assurance no promises were made to him to induce his plea of guilty was false, but blamed the misrepresentation on the above-mentioned directive from Mr. Rosenblum. (Evidentiary Hearing Transcript, PP. 27-28).

In support of his defense, Respondent offered testimony from Mr. Rosenblum, in which he emphatically maintained the letter allegedly bearing his signature was a forgery. (Evidentiary Hearing Transcript, PP. 38-40). Mr. Rosenblum denied meeting with the trial judge ex parte, noting such contact would have been unethical, and further denied telling Petitioner he would receive probation on the robbery and burglary charges. (Id., PP. 40-41). Ms. Glass similarly testified, stating she neither had engaged in an ex parte conversation with the trial judge in Petitioner's case, nor promised Petitioner he would receive a particular sentence. (Id., P. 59).

After considering the testimony from the evidentiary hearing and the record generally, the Court finds Petitioner did not receive ineffective assistance of counsel. Specifically, the Court finds the testimony of Mr. Rosenblum and Ms. Glass, to the effect that they neither spoke with the trial judge ex parte, nor promised Petitioner verbally or in writing that he would receive a particular sentence, was credible. The Court therefore does not find that their representation fell outside the wide range of professionally competent assistance sanctioned by *Strickland*, and so Petitioner's § 2254 petition must be denied.[4]

## CONCLUSION

Accordingly,

---

[4] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.

**IT IS HEREBY ORDERED** that James Purkett, Superintendent of ERDCC, is substituted for Michael Bowersox as proper party respondent.

**IT IS FURTHER ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claim is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 4th day of April, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE